# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

OTIS HUGHES,
ADC #100835                                                                                                     PLAINTIFF

V.                          5:15CV00322 KGB/JTR

ROBBIE FREAD, Administrator,
Arkansas County Jail; and
ARKANSAS COUNTY JAIL                                           DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended ("Recommendation") has been sent to United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the entry of this Recommendation. The failure to timely file objections may result in waiver of the right to appeal questions of fact.

## I. Introduction

Plaintiff, Otis Hughes, is confined in the Arkansas County Detention Center. He has filed this *pro se* § 1983 action alleging that, in January of 2014, Defendants Jail Administrator Robbie Fread and the Arkansas County Jail violated his constitutional rights. Pursuant to the screening function mandated by 28 U.S.C. §

1915A, the Court recommends that this case be dismissed, without prejudice, for failing to state a claim upon which relief may be granted.[1]

## II. Discussion

Plaintiff alleges that, on January 23, 2014, he slipped and fell while mopping the floor at the Arkansas County Detention Center.[2] *Doc. 2.* Plaintiff was immediately taken to a local hospital where x-rays revealed that he had a broken foot. *Id.* When he returned from the hospital, Defendant Jail Administrator Robbie Fread allegedly told Plaintiff that the jail did not have sufficient funds to pay for orthopedic care. *Id.* Accordingly, Defendant Fread arranged for Plaintiff to be released on bond so that he could obtain medical care on his own. *Id.* Plaintiff, however, contends that he was unable to do so because he did not have medical insurance, and that his foot

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire,* 636 F.3d 976, 979 (8th Cir. 2011).

[2] It does not appear that Plaintiff is raising a negligence claim against Defendants for allegedly causing his January 23, 2014 fall. Further, any such negligence claim would have to be brought in a state tort action, and *not* in a federal § 1983 lawsuit. *See Henley v. Brown*, 686 F.3d 634, 640 (8th Cir. 2012) (a § 1983 action must be premised on a violation of the U.S. Constitution); *Walker v. Reed*, 104 F.3d 156, 157 (8th Cir. 1997) (dismissing a prisoner's slip and fall claim that was based on negligence because it was not a constitutional violation).

still hurts, twenty-two months later, due to the lack of appropriate medical care.[3] *Id.*

To plead a viable inadequate medical care claim, under the Eighth Amendment, a prisoner must allege facts suggesting that: (1) he had objectively serious medical needs; and (2) prison officials subjectively knew of, but deliberately disregarded, those serious needs. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Langford v. Norris,* 614 F.3d 445, 460 (8th Cir. 2010). In this regard, deliberate indifference is defined as "actual knowledge of the risk of harm, followed by deliberate inaction amounting to callousness." *Bryan v. Endell*, 141 F.3d 1290, 1291 (8th Cir. 1998).

Here, Plaintiff admits that, immediately after he fell, Defendants promptly took him to a local hospital for assessment and treatment. Nothing about those actions constitute deliberate indifference. Defendants' constitutional obligation to provide Plaintiff with medical care ended when he was released from custody, shortly after his return from the hospital. *See Deshaney v. Winnebago Cnty. Dept. of Soc. Serv.,* 489 U.S. 189, 199-200 (1989) (the state has no constitutional obligation to provide services to a free world individual, but must do so for a prisoner because his custody makes it impossible for him "to act on his own behalf"); *Estelle*, 429 U.S. at 103 (1976) (same). Thus, Defendants did not violate the Constitution when they released

---

[3] It is unclear whether Plaintiff is current confinement in the Arkansas County Detention Center because: (1) his January 2014 bond was revoked; or (2) new criminal charges have been filed against him.

Plaintiff from custody so that he could obtain further medical care "on his own behalf."

Accordingly, this § 1983 case should be dismissed, without prejudice, because Plaintiff has failed to plead a viable constitutional violation.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.	This case be DISMISSED, WITHOUT PREJUDICE, for failing to state a claim upon which relief may be granted.

2.	The dismissal be counted as a "STRIKE," pursuant to 28 U.S.C. § 1915(g).

3.	The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommended Disposition would not be taken in good faith.

Dated this 20th day of October, 2015.

_____
UNITED STATES MAGISTRATE JUDGE